UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                        In Bankruptcy:

**CRYSTAL GAIL GAMET**                    Case No. 19-41064-tjt
**KURT MICHAEL GAMET**                 Chapter 7
                                                                         Hon. Thomas J. Tucker

               Debtors

## NOTICE OF MOTION

Trustee Timothy J. Miller has filed a motion seeking to compromise, which states:

Timothy J. Miller, by and through his counsel Clayson, Schneider & Miller, P.C., says:

### JURISDICTION

1. Pursuant to 28 U.S.C. § 157, the Bankruptcy Court has jurisdiction over compromise actions concerning property of the estate.
2. A motion to approve compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2).
3. This Motion is sought in accordance with Fed. R. Bankr. P. 9019.

### FACTS

4. Crystal Gail Gamet and Kurt Michael Gamet ("Debtors") filed a petition for Chapter 7 bankruptcy on January 24, 2019.
5. Timothy J. Miller ("Trustee") is the duly appointed and acting Chapter 7 Trustee of Debtor's bankruptcy estate (the "Estate").
6. Based on the Debtors' current Schedule C, they have mostly exhausted their 11 U.S.C. § 522(d)(5).
7. Trustee has asserted that based on owed accrued pay at the time of filing of $2,500.00, additional amounts received on 2018 tax refund, the Debtors have approximately $5,000.00 in liquid assets that are nonexempt.
8. Trustee has also asserted that Debtors made a preferential transfer of $5,300.00 to insider Lonnie Statton on March 26, 2018.
9. Debtors, in turn, have contested the Trustee's calculation, as well as the preferential nature of the March 26, 2018.

10. Subject to Court approval, the Trustee has agreed to settle the estate's interest in nonexempt property of the estate, as well as the claim against Lonnie Statton for the sum of $5,500.00. $1,000.00 will be due within 7 days of entry of an order approving this settlement. Debtor shall thereafter be required to pay the sum of $100.00/month. Debtor shall also be required to turn over to the Trustee any and all tax refunds received, which shall be deducted from the amount owing.

## ARGUMENT

11. The Trustee believes that Court approval of this Compromise and Motion is in the best interests of the estate and its creditors. This settlement will guarantee a dividend to general unsecured creditors, and will limit administrative expenses. Given the value of the property and the claims, this settlement is fair and reasonable.
12. It is generally held that the bankruptcy court may approve a settlement if it is fair and equitable and is in the estate's best interest. Reynolds v. C.I.R., 861 F.2d 469, 473 (6th Cir., 1988); In Re American Reserve Corp., 849 F.2d 159, 161 (7th Cir., 1987).
13. Four Factors are relevant to the bankruptcy court's review of a proposed compromise:
    a. The probability of success in the litigation;
    b. The difficulties, if any, to be encountered in the matter of collection;
    c. The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and
    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises. In Re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir., 1980); In Re American Reserve Corp., 841 F.2d 161; In Re Woodson, 839 F.2d 610, 620 (9th Cir., 1998).
14. The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair and equitable and in the best interest of the estate and its creditors.
15. The Trustee shall provide notice to creditors of the proposed compromise in accordance with L.B.R. 9014-1 (E.D.M.).
16. The Trustee recommends the settlement in the best interests of this Estate.

**WHEREFORE**, the Trustee prays for authority to compromise on the terms set forth in this Motion and proposed Order.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion or objection, or if you want the court to consider your views on the motion or objection, within **twenty-one (21)** days of the date of this notice, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

> United States Bankruptcy Court
> 211 West Fort Street, Suite 2100
> Detroit, Michigan 48226

If you mail your response to the court for the filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

| | |
|---|---|
| Peter F. Schneider | Office of the U.S. Trustee |
| 645 Griswold, Suite 3900 | 211 W. Fort Street, Suite 700 |
| Detroit, Michigan 48226 | Detroit, MI 48226 |

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief in the motion or objection and may enter an order granting that relief.**

        Respectfully submitted,

        **CLAYSON, SCHNEIDER & MILLER, P.C.**

Dated: April 26, 2019   */s/ Peter F. Schneider*
        Peter F. Schneider (P-75256)
        645 Griswold, Suite 3900
        Detroit, MI 48226
        (313) 237-0850
        pete@detlegal.com